UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALINKA MOYE, | No. C-14-2533 EMC (pr) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| ENFORCEMENT DIVISION OF FAIR POLITICAL PRACTICES COMMISSION; et al., | |
| Defendants. | |

Malinka Moye filed more than 17 *pro se* civil rights actions in a short six-week period while he was in custody at the San Francisco County Jail. The Court reviewed the complaints pursuant to 28 U.S.C. §§ 1915 and 1915A; in a single order, the Court dismissed 17 of the complaints with leave to amend to cure numerous problems.[1] Mr. Moye then filed amended complaints in all seventeen actions.

The amended complaint in this action is a rambling jumble of ideas and conclusory allegations that is largely incomprehensible, except as mentioned in the next paragraph. The amended complaint fails to allege "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint also alleges fraud but,

---

[1] An eighteenth action filed during that six-week period, *Moye v. Napa State Hospital*, No. C 14-3121 EMC, alleged that Moye had been admitted improperly to the Napa State Hospital. That complaint was addressed in a separate order. Mr. Moye also has filed a petition for writ of habeas corpus apparently to challenge the criminal proceedings against him in San Francisco County Superior Court is currently pending. *Moye v. People*, C 14-3729 PJH. Any claim about his transfer to Napa State Hospital should be pursued in Case No. C. 14-3121 EMC, and any challenge to the lawfulness of his custody should be brought in a petition for writ of habeas corpus.

notwithstanding the instruction in the order of dismissal with leave to amend, does not state with particularity the circumstances constituting fraud. *See* Fed. R. Civ. P. 9(b). Due to the Court's inability to understand the claim(s) being asserted in the amended complaint, the Court cannot determine whether the amended complaint cures any of the other problems identified in the order of dismissal with leave to amend. Further leave to amend will not be granted because it would be futile: the order of dismissal with leave to amend identified the deficiencies in the original complaint and Mr. Moye was unable or unwilling to cure them in his amended complaint. There is no reason to believe that, with further leave to amend, he would be able to present a coherent statement of his claim(s).

One allegation in the amended complaint is that, on November 20, 2013, "Chinese Judge Garrett Wong broke down, threatened Mr. Moye for running for Mayor of SF." Docket # 16 at 5. Judge Wong is the judge presiding over one of the criminal cases pending against Mr. Moye in San Francisco County Superior Court. *See* Docket # 16 at 26.[2] The claim must be dismissed because Judge Wong has absolute judicial immunity from civil liability for damages for acts performed in his judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983).

Although the Court does not understand Mr. Moye's allegations, he appears to have some issue with his failed run for the office of Mayor of the City of San Francisco in 2002 in which he reportedly received over 500 votes. *See* Docket # 16 at 3. Not only does the amended complaint not state a claim based on his failed political campaign, Mr. Moye has failed to adequately explain why any claim about a 2002 election would not be time-barred, despite the Court's admonition that he had to do so. *See* Docket # 13 at 5-7.

---

[2] Mr. Moye recycled paper to write his amended complaints. Minute orders he had received from the San Francisco County Superior Court are on the back of many pages of his amended complaint. Thus, for example, the back of page 16 of the amended complaint is a minute order from January 14, 2013 for a hearing in which the presiding judge was Garrett L. Wong. *See* Docket # 16 at 26. In another action, the back of a page of the amended complaint is a minute order from November 30, 2013 for a hearing in which the presiding judge was Garrett L. Wong.

For the foregoing reasons, and the reasons stated in the order of dismissal with leave to amend, this action is DISMISSED for failure to state a claim upon which relief may be granted and because the state court judge has absolute judicial immunity for actions done in his judicial capacity. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: September 26, 2014

_____
EDWARD M. CHEN
United States District Judge